| | |
|---|---|
| Matthew Borden, Esq. (SBN: 214323)<br>borden@braunhagey.com<br>BRAUNHAGEY & BORDEN LLP<br>351 California Street, 10th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 599-0210<br>Facsimile: (415) 276-1808<br><br>Molly M. Jamison, Esq. (*pro hac vice forthcoming*)<br>jamison@braunhagey.com<br>Eric S. Schlabs, Esq. (*pro hac vice forthcoming*)<br>schlabs@braunhagey.com<br>Marissa R. Benavides, Esq. (*pro hac vice forthcoming*)<br>benavides@braunhagey.com<br>BRAUNHAGEY & BORDEN LLP<br>118 W. 22nd Street, 12th Floor<br>New York, NY 10011<br>Telephone: (646) 829-9403<br>Facsimile: (646) 829-9403<br><br>ATTORNEYS FOR ERIC OLSON | Troy A. Valdez (SBN 191478)<br>troy.valdez@us.dlapiper.com<br>Tom Lin (SBN 319911)<br>tom.lin@us.dlapiper.com<br>Emily R. Margolis (SBN 324089)<br>emily.margolis@us.dlapiper.com<br>DLA PIPER LLP (US)<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105-2933<br>Tel.: 415.836.2500<br>Fax: 415.836.2501<br><br>John S. Gibson (SBN 140647)<br>john.gibson@us.dlapiper.com<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars, Suite 400<br>Los Angeles, CA 90067-4735<br>Tel.: 310.595.3000<br>Fax: 310.595.3300<br><br>ATTORNEYS FOR WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC<br><br>(additional counsel listed on next page) |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC OLSON,<br><br>  Plaintiff,<br><br>  v.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC, ROBBIE DAY and DOES 1 to 10,<br><br>  Defendants. | Case No. 5:24-cv-00481-EJD<br><br>(Assigned to Hon. Edward J. Davila)<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Hearing Date:  May 9, 2024<br>Time:                   10:00 a.m.<br>Courtroom:          4<br><br>FAC Filed: March 11, 2024 |

Julie G. Cooker (SBN 319530)
julie.cooker@us.dlapiper.com
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel.: 858.677.1400
Fax: 858.677.1401

Michael D. Hynes (*pro hac vice forthcoming*)
michael.hynes@us.dlapiper.com
Jamie Brensilber (*pro hac vice forthcoming*)
jamie.brensilber@us.dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas, Suite 2700
New York, NY 10020-1104
Tel.: 212.335.4500
Fax: 212.335.4501

Ellen E. Dew (*pro hac vice forthcoming*)
ellen.dew@us.dlapiper.com
Meagan Pace (*pro hac vice forthcoming*)
meagan.pace@us.dlapiper.com
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202-4576
Tel.: 410.580.3000
Fax: 415.580.3001

ATTORNEYS FOR WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC

JORDAN S. ALTURA (SBN: 209431)
jaltura@grsm.com
REBECCA A. HULL (SBN: 99802)
rhull@grsm.com
ADELLE GREENFIELD (SBN: 301514)
agreenfield@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone:  (415) 986-5900
Facsimile:   (415) 986-8054
Attorneys for Defendant
ROBERT DAY

ii                              Case No. 5:24-cv-00480
JOINT CASE MANAGEMENT STATEMENT

The parties to the above-entitled action submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, in advance of the May 9, 2024 case management conference.

**1.      Jurisdiction and Service**

The Parties do not dispute that the case is in the proper jurisdiction and venue, and all Defendants have been served.

**2.      Facts**

Plaintiff's Statement

Over the course of 20 years, Plaintiff Eric Olson built a $200 million per year insurance business for Defendant WFG's multi-level marketing organization. Relying on Defendant's promise that he could transfer or sell the business he built, Mr. Olson recruited, trained, and managed over 20,000 agents and made WFG hundreds of millions of dollars. When Mr. Olson became disillusioned by WFG's business practices and culture and sought to transfer his business, WFG changed its policies to prevent Mr. Olson from transferring it to his wife, Sandra Olson, or selling it to anyone else. When WFG was unable to persuade Mr. Olson to accept a pay increase to stay, it fired him, fired people that supported him, and made threats to prevent other agents from leaving WFG. Defendants then took the business Mr. Olson had built for themselves.

After firing him, WFG sued Mr. Olson seeking to enforce the restrictive covenant within its Agency Agreement, including Sections 2.15, 2.16 and 2.17 (the "Restrictive Covenant"). As drafted, the Restrictive Covenant acts as de facto non-compete which prevents Mr. Olson from competing with WFG or recruiting any current or former WFG agents. Since terminating Mr. Olson, WFG has engaged in a pattern of threatening other agents to prevent them from joining Mrs. Olson's new company, GFI, or working with Mr. Olson. Mr. Olson filed suit for a declaratory judgment that the Restrictive Covenant is not enforceable, along with claims for unfair competition, violation of Section 16600, and conversion for the return of the value of his business.

Defendant WFGIA's Statement

Defendant World Financial Group Insurance Agency, LLC ("WFGIA") is an insurance agency that provides a business platform for individuals who wish to operate their own financial services business.  Mr. Olson signed an agreement with WFGIA, which contained a non-solicitation provision (§2.15), a confidentiality provision (§2.16), and a non-disparagement provision (§2.17).  He also signed a mandatory arbitration agreement, which he reaffirmed as recently as February 2023.  Mr. Olson was a highly successful insurance agent and self-proclaimed sophisticated business owner at the time of signing the agreements.   He helped his wife, Sandra Olson, start a competing company, Global Financial Impact, LLC ("GFI"), to poach insurance agents from WFGIA through the use of disparaging statements and WFGIA's confidential information.  Mr. Olson and his wife have taken insurance agent lists, hierarchies, and compensation information, using this information to target specific teams.  Mr. Olson orchestrated the Anchor Leg strategy (as described in the First Amended Complaint in the related action, No. 24-cv-00480-EJD) to recruit spouses of high-performing insurance agents, while the high performing insurance agents remain at WFGIA to spread information, take WFGIA confidential information, and unlawfully recruit insurance agents.  Despite the efforts to stop him, Mr. Olson continues his scheme and directs his co-conspirators to take confidential information and disparage WFGIA.  Mr. Olson improperly brings this lawsuit to preempt WFGIA's affirmative case against him (No. 5:24-cv-00480-EJD).  This case is not properly before this Court, given Mr. Olson's mandatory arbitration agreement, and Mr. Olson's First Amended Complaint does not pray for preliminary injunctive relief but rather permanent relief.  To the extent Mr. Olson now claims he is seeking preliminary injunctive relief, the balance of his claims following any ruling on preliminary injunctive relief must be arbitrated.

Defendant Day's statement:

Defendant Robert Day agrees with WFGIA's summary of the issues, setting out Mr. Olson's violations of his duties vis-à-vis WFGIA.  Mr. Olson added Mr. Day as a defendant on the same claims he has attempted to state against WFGIA in the FAC, which fails to state valid claims against Mr. Day.

In addition, Mr. Olson's attempted claims against Mr. Day all are within the scope of a mandatory arbitration agreement, under which Mr. Olson is required to arbitrate any claims against other WFGIA agents, which Mr. Day is, if those claims arise from or relate to Mr. Olson's relationship with WFGIA – which is the case here.

### 3. Legal Issues

The Parties dispute the following issues of law:

a. Whether WFG's Restrictive Covenant is void under Cal. Bus. & Prof. Code Section 16600;

b. Whether WFG is entitled to enforce its contractual restraints against Plaintiff;

c. Whether Plaintiff breached any of the contractual restraints;

d. Whether Defendants have engaged in unfair competition in violation of Cal. Bus. & Prof. Code Section 17200;

e. Whether Defendants tortiously interfered with Mr. Olson's ability to recruit agents and work in his profession;

f. Whether Defendants have taken Mr. Olson's property without compensation;

g. The amount of damages Mr. Olson is entitled to receive;

h. Whether Plaintiff's claims are subject to mandatory arbitration pursuant to the terms of the Agent Agreement;

i. Whether the Court should dismiss or stay the proceeding pending arbitration;

j. Whether WFG's arbitration clauses in the various iterations of its Agent Agreement that apply to Defendants are unconscionable or otherwise unenforceable.

### 4. Motions

WFG has moved to compel arbitration of Plaintiff's claims. (Dkt. 21.) That motion is fully briefed and set for hearing on May 2, 2024. Defendant Robert Day filed a joinder in WFGIA's Motion to Compel Arbitration and to Dismiss First Amended Complaint in Favor of Arbitration. (Dkt. 33.) That motion is fully briefed and set for hearing on May 2, 2024. Plaintiff filed a motion to consolidate this action with two other related cases, *Olson et al. v. World Financial Group Insurance Agency, LLC*, No. 5:24-cv-00477-EJD; and *World Financial Group Insurance Agency,*

*LLC v. Olson et al.*, No. 5:24-cv-00480-EJD. (Dkt. 38.) That motion is fully briefed and set for hearing on May 30, 2024. There are no other pending motions in this action.

Plaintiff anticipates filing a motion for preliminary injunctive relief and for summary judgment.

### 5.     Amendment of Pleadings

Plaintiff anticipates that it may amend the pleadings to add additional Defendants. Because discovery has not yet commenced in this case, Plaintiff anticipates needing time to identify potential additional Defendants and to further investigate before determining whether additional amendments are necessary. To the extent Plaintiff is able to promptly investigate, Plaintiff will make any anticipated amendments on or before October 1, 2024.

Defendant Day's position is that amendment of pleadings should be handled in the context of arbitration, which should be ordered in response to the pending motion to compel arbitration.

### 6.     Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence. Plaintiff has confirmed that he has taken efforts to preserve relevant documents.

WFGIA and Defendant Day also confirm that they have taken appropriate steps to preserve relevant documents.

### 7.     Disclosures

No party has served initial disclosures to date.

Plaintiff's Statement: Plaintiff is prepared to produce initial disclosures in accordance with Rule 26.

WFGIA's Statement: Because all claims asserted in this case must be submitted to binding arbitration, as indicated in WFGIA's Motion to Compel Arbitration, it is WFGIA's position that initial disclosures should not be submitted until the Court has ruled on the pending Motion to Compel Arbitration.

Defendant Day's statement:  Defendant Day agrees with WFGIA's statement.

### 8. Discovery

The Parties are currently engaged in initial expedited discovery efforts that WFG stipulated to on March 8, 2024 in the related case 5:24-cv-00480. Plaintiff has served on WFG limited Requests for Production and Interrogatories and has issued subpoenas to relevant individuals who submitted declarations in support of WFG's motion for a temporary restraining order.

<u>Plaintiff's Position</u>:  Plaintiff expects it will seek discovery on topics including, but not limited to, the following: WFG's purported cancellation of its policies allowing agents to transfer or sell their businesses, WFG's treatment of Mr. Olson, WFG's policies and procedures in enforcing the Restrictive Covenant in its Agent Agreement; WFG's efforts to enforce the Restrictive Covenant against Plaintiff; WFG's efforts to threaten, retaliate and/or prevent WFG agents from leaving WFG and/or joining GFI; the amount of earned commissions WFG withheld and/or took from Plaintiff; the value of Plaintiff's business that was taken or misappropriated by Defendants; and the confidentiality of Defendants' information.

Mr. Olson intends to bring his own motion for a preliminary injunction. Expedited discovery should not be limited to WFG's forthcoming motion alone but should extend to this case, particularly given that Mr. Olson has moved for consolidation.

<u>WFGIA's Position</u>: The expedited discovery in the related action (5:24-cv-00480) does not require expedited discovery in this action.  To date, there has been no discovery in this action. WFGIA takes the position that discovery is premature given the pending Motion to Compel Arbitration and should occur in arbitration.

<u>Defendant Day's position</u>:  Defendant Day agrees that expedited discovery in this action is not appropriate, as this action is not one seeking preliminary injunctive relief pending arbitration (the basis on which expedited discovery is being conducted in the related action).  All discovery should be conducted in the context of the binding arbitration to which Mr. Olson contractually bound himself.

### 9. Class Actions

Plaintiff is not seeking class certification or other class treatment.

### 10. Related Cases

The Court granted a motion to relate two cases pending in the district: *Olson et al. v. World Financial Group Insurance Agency, LLC*, No. 5:24-cv-00477-EJD (N.D. Cal.) and *World Financial Group Insurance Agency, LLC v. Olson et al.*, No. 5:24-cv-00480-EJD (N.D. Cal.). WFG has also filed a case in the District of Wyoming: *World Financial Group Insurance Agency, LLC v. Global Financial Impact, LLC*, No. 24-cv-00019-SWS (D. Wyo.), which has not been related.

### 11. Relief

Plaintiff seeks injunctive and declaratory relief to prevent Defendants from enforcing the Restrictive Covenant against Plaintiff. Plaintiff also seeks compensatory relief as provided under state law, including compensatory and statutory damages, restitution, disgorgement, and punitive damages, as well as attorneys' fees and costs.

### 12. Settlement and ADR

The Parties have discussed ADR options and agree that this case may be appropriate for private mediation after a period of discovery has been conducted, in the event the case does not proceed to arbitration.

### 13. Other References

Plaintiff's Position: At this time, the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

WFGIA's Position: WFGIA and Mr. Olson's Mutual Agreement to Arbitrate Claims, that Mr. Olson signed, and reaffirmed as recently as February 2023, requires that all disputes be submitted to binding arbitration. WFGIA has filed a Motion to Compel Arbitration to enforce Mr. Olson's contractual obligation and has sent a letter to Mr. Olson, requesting that the Parties commence arbitration, as required by the WFGIA Mutual Agreement to Arbitrate Claims.

Day's position: Defendant Day agrees that this is subject to a contractual agreement under which Mr. Olson is required to pursue the claims attempted to be asserted in the FAC in a binding arbitration.

### 14. Narrowing of Issues

Plaintiff contends that most significant issue at this time is the Court's determination of the enforceability of the Restrictive Covenant. This issue is the subject of Mr. Olson's motion to

dismiss in the related case (*World Financial Group Insurance Agency, LLC v. Olson et al.*, No. 5:24-cv-00480-EJD (N.D. Cal.), Dkt. 79), as well as Plaintiff's anticipated motion for preliminary injunctive relief.

WFGIA contends that the most significant issue at this time is whether the case should move to binding arbitration under the pending Motion to Compel Arbitration. Defendant Day agrees with this assessment.

The Parties have no other suggestions at this time for issues that should be expedited but will update the Court after a ruling on the Motion to Compel Arbitration about any further suggestions for how to expedite the presentation of evidence at trial.

**15. Scheduling**

Plaintiff's Position: Plaintiff proposes that the Court enter the schedule set forth below.

- Close of Fact Discovery: November 1, 2024
- Affirmative Expert Disclosures: December 13, 2024
- Rebuttal Expert Disclosures: January 31, 2025
- Close of Expert Discovery: February 28, 2025
- Hearing of Dispositive Motions: April 24, 2025
- Final Pretrial Conference: June 5, 2025
- Trial: June 16, 2025 through June 27, 2025

WFGIA's Position: WFGIA believes scheduling is premature given the pending Motion to Compel Arbitration. In the event the Court declines to enforce the Mutual Agreement to Arbitrate Claims, WFGIA will meet and confer with Plaintiff and Mr. Day regarding an appropriate schedule for this case. Defendant Day agrees with this assessment.

**16. Trial**

Plaintiff's Position: Plaintiff has requested a jury trial. Plaintiff estimates a trial length of 10 days.

WFGIA's Position: Mr. Olson's claims are all subject to binding arbitration and are not properly tried before this Court. However, in the event the Court declines to enforce the Parties'

Mutual Agreement to Arbitrate Claims, WFGIA agrees that a jury trial of the claims in this case may take approximately 10 court days.  Defendant Day concurs.

### 17. Disclosure of Non-party Interested Entities or Persons

Plaintiff, WFG, and Defendant Day have filed Certificates of Interested Entities or Persons required by Civil Local Rule 3-15. (Dkt. 4, 22, 34.)

### 18. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other Matters

At this time, the Parties have no other matters to raise with the Court.

As required by this Court's Standing Order for Civil Cases, the Parties will, to the extent this case remains pending in this Court, identify and provide appropriate opportunities for junior lawyers to participate actively in the case.

Dated: April 26, 2024

| | |
|---|---|
| BRAUNHAGEY & BORDEN LLP | DLA PIPER LLP (US) |
| By: __/s/ *Matthew Borden*__<br>　　　Matthew Borden | By: __/s/ *Troy A. Valdez*__<br>　　　Troy A. Valdez |
| *Attorneys for Plaintiff*<br>*Eric Olson* | *Attorneys for Defendant World Financial Group Insurance Agency, LLC* |

GORDON REES SULLY MANSUKHANI, LLP

By: __/s/ *Jordan S. Altura*__
　　　Jordan S. Altura

*Attorneys for Defendant Robert Day*

### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

By: _____
Judge Edward J. Davila
United Stated District Court Judge