UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC OLSON,<br><br>   Plaintiff,<br><br> v.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC, et al.,<br><br>   Defendants. | Case No. 24-cv-00481-EJD<br><br>**ORDER GRANTING DEFENDANT ROBBIE DAY'S JOINDER IN WFG'S MOTION TO COMPEL ARBITRATION**<br><br>Re: ECF No. 33 |

Before the Court is Defendant Robbie Day's Joinder in World Financial Group Insurance Agency, LLC's ("WFG" or "WFGIA") Motion to Compel Arbitration. ECF No. 33 ("Joinder"). Defendant Day seeks an order compelling Plaintiff Eric Olson to arbitrate all claims against Defendant Day in the First Amended Complaint ("FAC"), ECF No. 27-1, and for dismissal or stay of the FAC in its entirety.

For the reasons stated below, the Court GRANTS Defendant Day's Joinder.

**I. BACKGROUND**

The Court provided a more detailed summary of the background of this matter in its Order Granting WFG's Motion to Compel Arbitration. At a high-level, and relevant to the Joinder, Mr. Olson brings this case against his former employer, WFG, alleging that WFG illegally tried to restrain Mr. Olson from leaving the company. FAC ¶ 2. Defendant Day was a more senior insurance agent in Mr. Olson's hierarchy. *Id.* ¶ 5. Mr. Olson alleges that Defendant Day had sold Mr. Olson part of his "book" of business for $5 million. *Id.*

When Mr. Olson attempted to sell his business, Mr. Olson alleges that WFG prohibited

Case No.: 24-cv-00481-EJD
ORDER GRANTING JOINDER

1

1  him from doing so. *Id.* When Mr. Olson rejected WFG's offer to remain working at the company,
2  WFG fired Mr. Olson and "divested" him of his commission stream (including the stream that he
3  had purchased from Defendant Day for $5 million). *Id.* ¶ 6. Mr. Olson alleges that Defendants
4  began threating him with "the illegal restrictive covenants in their contracts with WFG." *Id.*
5  Mr. Olson further alleges that Defendants have wrongfully terminated his contract, tortiously
6  interfered with Mr. Olson's legitimate business interests, are unfairly competing against him, have
7  converted his assets, and have violated the covenant of good faith and fair dealing. *Id.* ¶ 7.

Mr. Olson brings claims against WFG and Mr. Day for unfair competition, restraint on trade, civil conspiracy, tortious interference, conversion, breach of contract/covenant of good faith and fair dealing, and declaratory relief.

On March 22, 2024, WFG filed a motion to compel arbitration. ECF No. 31. On March 28, 2024, Defendant Day filed the present motion for joinder in WFG's motion. ECF No. 33. The motion for joinder is fully briefed. Opposition to Day's Motion for Joinder ("Opp."), ECF No. 42; Reply in Support of Motion for Joinder ("Reply"), ECF No. 45. The Court heard oral argument on the motion to compel arbitration and the motion for joinder on May 2, 2024.

## II. DISCUSSION

Defendant Day argues that Mr. Olson's claims are subject to arbitration based "on the same grounds set forth in" WFG's motion to compel arbitration (ECF No. 31). Joinder 2. Mr. Olson responds that the joinder fails because Defendant Day has not pointed to any purported agreement to arbitrate between Mr. Olson and Defendant Day. Opp. 1.

Turning to the Arbitration Agreement, the agreement states that it is "between World Financial Group Insurance Agency, LLC" and "me"—here, Mr. Olson. ECF No. 31-1, Ex. A (the "Arbitration Agreement") at 1. The Arbitration Agreement provides:

> WFG and [Olson] agree to use binding arbitration as the means to resolve all disputes that may arise out of or relate to [Olson's] relationship with WFG . . . . This includes any such claims against WFG's brands, concepts, affiliates, subsidiaries, parents, related entities, owners, directors, officers, managers employees or agents.

Case No.: 24-cv-00481-EJD
ORDER GRANTING JOINDER

2

> . . . WFG and [Olson] agree to give up [their] respective rights to trial by jury of any claim [they] may have against the other that may arise out of or relate to [Olson's] relationship with WFG, contractual or otherwise. This includes any such claims against WFG's . . . agents.

*Id.* at 3.

Defendant Day argues that the Arbitration Agreement covers the claims against him because it requires Mr. Olson to arbitrate "all disputes that may arise out of or relate to [Mr. Olson's] relationship with WFG" including any claims "against WFG's … ***agents***." As an "agent" of WFG, Defendant Day contends Mr. Olson is required to arbitrate his claims against Defendant Day. Reply 2; *see* FAC ¶ 10 ("Robbie Day is an agent of WFG who upon information and belief resides in Brentwood, Tennessee.").

Mr. Olson responds that Defendant Day is not an "agency" or "entity" identified by WFG in the Arbitration Agreement and thus, Mr. Olson has not agreed to arbitrate his claims against Defendant Day. Opp. 1. The reference to Defendant Day as an "agent" in the FAC, Mr. Olson argues, does not establish an agency relationship such that it would bind Mr. Olson to arbitrate with Defendant Day because "WFG refers to all its salespeople as 'independent contractor agents.'" *Id.*

### A. Whether Defendant Day Was An Agent for or Beneficiary of the Arbitration Agreement

The contractual right to compel arbitration "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 744 (9th Cir. 1993) (citation omitted). "An entity that is neither a party to nor agent for nor beneficiary of the contract lacks standing to compel arbitration." *Id.* Because Defendant Day was not a party to the agreement, he must fit into one of the categories above (agent or beneficiary of the Arbitration Agreement) in order to invoke the right to arbitrate.

Here, the Arbitration Agreement covers claims against WFG's "agents." Defendant Day claims that he was an "agent" for WFG as confirmed by (1) the plain language of the Arbitration Agreement, and (2) the FAC and other filings, which show that both Mr. Olson and Defendant

Case No.: 24-cv-00481-EJD
ORDER GRANTING JOINDER

3

Day were "agents" within the meaning of the Arbitration Agreement, regardless of their technical legal relationship with the company. The Court agrees. While acknowledging that the term "agent" can mean either an "insurance agent" as WFG uses the term, or agent as used in the legal sense when an "agency relationship" is formed, the Court finds that the Arbitration Agreement plainly covers "any claims" against "WFG's … agents." Arbitration Agreement § 1. Defendant Day is an insurance "agent" of WFG. *See* FAC ¶ 10. WFG refers to its insurance agents as "agents." *See generally* Agent Agreement, ECF No. 39-4; *see also* FAC ¶¶ 2 (referring to "the other agents at WFG"), 3 ("WFG incentivizes its agents to recommend products"), 4 ("WFG permitted agents at Mr. Olson's level to transfer their commission stream").

As WFG's "agent," Defendant Day is within a class of persons the Arbitration Agreement intended to benefit.

### B. Whether a Valid Agreement to Arbitrate Exists

For the reasons stated in the Court's order granting WFG's motion to compel arbitration, the Court finds that the Arbitration Agreement is valid. *See* Order Granting in Part Motion to Compel Arbitration at 8–13.

### C. Whether the Claims Against Defendant Day Are Within the Scope of the Arbitration Agreement

Mr. Olson brings all of his claims against both WFG and Mr. Day. *See* FAC 14–19. The Arbitration Agreement provides that "any" claims against WFG's "agents" "aris[ing] out of or relat[ing] to [Eric Olson's] relationship with WFG" are subject to arbitration. Arbitration Agreement § 1. Mr. Olson's claims against both WFG and Mr. Day all arise out of or relate to Mr. Olson's relationship and former employment with WFG. Accordingly, the Arbitration Agreement covers Mr. Olson's claims against Defendant Day.

## III. CONCLUSION

Defendant Day's Joinder is GRANTED. In light of Mr. Olson's representations that he intends to seek preliminary injunctive relief, which are exempt from the Arbitration Agreement, the Court sets a status conference on September 26, 2024, at 10:00 a.m. The parties are

Case No.: 24-cv-00481-EJD
ORDER GRANTING JOINDER

4

ORDERED to submit a joint statement no later than August 23, 2024, regarding their proposal on which claims should be sent to arbitration and which claims should remain in this Court pursuant to the Court's ruling above. Mr. Olson should also comment on the status of his intention to seek a preliminary injunction.

**IT IS SO ORDERED.**

Dated: July 19, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 24-cv-00481-EJD
ORDER GRANTING JOINDER

5